941 F.2d 1208
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rutherford J. MOORMAN, Defendant-Appellant.
 No. 90-5716.
 United States Court of Appeals, Fourth Circuit.
 Argued July 12, 1991.
Decided Sept. 3, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Richard C. Erwin, Chief District Judge. (CR-90-42-G)
 Daniel Smith Johnson, Wilson, Degraw, Johnson & Rutledge, Winston-Salem, N.C., for appellant.
 Lisa Blue Boggs, Assistant United States Attorney, Greensboro, N.C. (argued), for appellee; Robert H. Edmunds, Jr., United States Attorney, Greensboro, N.C., on brief.
 M.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and PHILLIPS and SPROUSE, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Rutherford J. Moorman, Jr., appeals from his conviction, after a jury trial, of one count of distributing marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D). We affirm.
 
 
 2
 Moorman was a postal worker at the Greensboro, North Carolina, general mail facility. A confidential informant, Michael Douglas, approached Moorman on several occasions to purchase narcotics. On the first contact, Douglas asked Moorman, "You ain't doin' nothing, is ya?" Moorman responded, "Nah, herb." Moorman, at trial, admitted that Douglas was questioning as to what he was doing and he answered marijuana. The tape from the recorder worn by Douglas reflected that he then indicated he was looking for cocaine. Moorman, in turn, told Douglas that in a day he could "hook him up" with anything he wanted. After other contacts by Douglas, Moorman sold him cocaine on two occasions, May 26, 1989, and September 9, 1989. Douglas also purchased marijuana from Moorman on July 22, 1989. Moorman's defense was entrapment, based on his contention that he was persuaded to make the sales to Douglas because the two of them were from the same home town.
 
 
 3
 The jury was instructed on the defense of entrapment and acquitted Moorman of the two counts of the indictment charging distribution of cocaine. However, it convicted him of distribution of marijuana. On appeal, Moorman contends that the trial court erred in refusing to allow defense witnesses to testify concerning the use of drugs by Douglas, in not finding entrapment as a matter of law, and in failing to order judgment of acquittal due to the inconsistent jury verdicts on the three counts for which defendant was tried.
 
 
 4
 As to Moorman's first contention, that the district court erred in refusing to permit the introduction of extrinsic evidence to impeach Douglas's testimony, the relevant evidentiary rule supports the contrary view. Rule 608(b) of the Federal Rules of Evidence states:
 
 
 5
 Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence....
 
 
 6
 Clearly, then, there was no abuse of discretion by the trial court in refusing to admit the testimony of a defense witness that Douglas had used drugs in her presence. United States v. Leake, 642 F.2d 715 (4th Cir.1981). (The court allowed the questioning of Douglas himself regarding his drug use, which he admitted.) See also United States v. Walton, 602 F.2d 1176 (4th Cir.1979).
 
 
 7
 As to the second contention, there was sufficient evidence of predisposition on the part of Moorman for the issue of entrapment to go to the jury. See United States v. Jannotti, 673 F.2d 578, 597 (3d Cir.), cert. denied, 457 U.S. 1106 (1982) ("[A]lthough there may be instances where the undisputed facts establish the entrapment defense as a matter of law ... or where the evidence is simply insufficient to submit the issue to the jury ... entrapment is generally a jury question."). Therefore, there was no error in the district court's refusal to find entrapment as a matter of law.
 
 
 8
 Finally, as to Moorman's third contention regarding the "inconsistent" jury verdicts, there simply was substantial evidence to uphold each of the jury's verdicts. United States v. Jones, 735 F.2d 785, 790 (4th Cir.), cert. denied, 469 U.S. 918 (1984). Therefore, we refuse to disturb them.
 
 
 9
 Finding no merit to any of Moorman's contentions, the judgment of the district court is affirmed.
 
 
 10
 AFFIRMED.